IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-61-RLJ-CCS |
| | ) | |
| PHILLIP M. HUDDLESTON and | ) | |
| JOHN T. HATFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 3, 2016, for a motion hearing and an initial appearance and arraignment on the Superseding Indictment. On behalf of the Government, Assistant United States Attorney Matt Morris was present and Attorneys Cassandra Barnum and Todd Gleason appeared by phone. Attorneys David Eldridge and Loretta Cravens appeared on behalf of Defendant Huddleston who present, and Attorney Robert Kurtz appeared on behalf of Defendant Hatfield who was also present.

After arraigning Defendant Huddleston on the Superseding Indictment and conducting an initial appearance and arraignment for Defendant Hatfield on the Superseding Indictment, the parties agreed that the motion hearing would need to be reset and the January 31, 2017 trial date continued given the Superseding Indictment and the addition of Defendant Hatfield as a co-defendant in this case. The parties then agreed to a new trial date of June 20, 2017, and that all time between the November 3, 2016 hearing and the new trial date of June 20, 2017, was fully excludable for speedy trial purposes.

1

The Court finds a continuance in this case to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that to require Defendant Hatfield to proceed to trial within less than three months of being brought into this case would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(I). The Court observes that Defendant Hatfield was recently brought into the case, and his attorney will need a reasonable amount of time to interview his client, review discovery, investigate the facts of the case, and file any pretrial motions as well as determine the appropriateness of adopting and joining the motions currently pending before the Court. Thus, the Court finds that this necessary trial preparation could not take place before the January 31, 2017 trial date. Accordingly, the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

In addition, the Court finds that it will need adequate time to rule on the motions currently pending, as well as any motions that may be filed by Defendant Hatfield, and the District Court will need adequate time to rule upon any objections or appeals that may be filed in response to this Court's rulings or recommendations. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H).

Accordingly, the Court **GRANTS** a continue in this case, and the trial of this matter is reset to **June 20, 2017.** The Court also finds, and the parties agree, that all the time between the **November 3, 2016** hearing and the new trial date of **June 20, 2017** is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). As to all other deadlines in this matter, a motion deadline is set for **February 15, 2017**, and the Government's response is due no later than **March 1, 2017**. A motion hearing will be held before the undersigned on **March 6, 2017 at 9:30 a.m.** In addition, the parties have until

**May 26, 2017** to conclude plea negotiations. Furthermore, the Court instructs the parties that all motions *in limine* must be filed no later than **June 5, 2017**. Finally, special requests for jury instructions shall be submitted to the District Court no later than **June 9, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The trial of this matter is **CONTINUED** and shall commence on **June 20, 2017**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(2) All time between the hearing on **November 3, 2016,** and the new trial date of **June 20, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(3) A motion deadline is set for **February 15, 2017**, and the Government's response is due no later than **March 1, 2017**;

(4) A motion hearing is set for **March 6, 2017 at 9:30 a.m.** before the undersigned;

(5) The deadline for concluding plea negotiations is **May 26, 2017**;

(6) Motions *in limine* must be filed no later than **June 5, 2017**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **June 9, 2017**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge